The W. E. BASSETT COMPANY,
Plaintiff,

v.

The H. C. COOK COMPANY et al.,
Defendants.

Civ. No. 6532.

United States District Court
D. Connecticut,
Civil Division.

Sept. 30, 1957.

Samuel A. Persky, Stoddard, Persky, Eagan & Cobey, New Haven, Conn., for plaintiff.

Lindsey & Prutzman, Hartford, Conn., William K. Bennett, Ansonia, Conn., of counsel, for defendants.

ANDERSON, District Judge.

On July 23, 1957 this court issued a temporary injunction against the defendants to prevent them from committing acts of unfair competition against the plaintiff in the sale of pocket knives. The defendants have presented nothing to persuade the court that the temporary injunction should be modified. While some matters were included in the finding which did not have a direct bearing upon the conclusions of law, they were included to describe more fully the businesses of the parties and their relationship to each other. The defendants have been enjoined from palming off a deceptively similar knife as the plaintiff's but which was not, in fact, the plaintiff's. The references to the distinctive form of the plaintiff's knife and the unnecessary and deceptive imitation of its size, shape, materials, finish and structure in the article manufactured and palmed off by the defendants was plainly such that the ordinary purchasers without a minute and careful comparison and examination would and did take the defendants' article

as and for the plaintiff's knife. It is apparent that the defendants considered that the plaintiff through the sales and advertising had gained a substantial foothold in the market and had established recognition and good will for the product which the plaintiff was manufacturing, because they expressly sought to induce dealers to take advantage of this very thing and they did so, palming off an inferior product as and for the plaintiff's knife.

What the defendants are really seeking is to have the court spell out in detail specifically "what defendants may or may not do" and in effect are seeking an advisory opinion. They make specific mention of the "appearance of the spring on the back edge of the knife-casing" and at the hearing submitted a new knife which eliminated the appearance of such a spring and which, viewed from the broad side, gave the outline of a rhomboid rather than a trapezoid. As stated above, the court will not rule on specific offerings to pass in advance upon means adopted by the defendants to manufacture something just over the line from the effective boundary of the temporary injunction. Suffice it to say that reliance should not be placed upon minor changes which do not essentially alter the deceptive similarity of the appearance of the knives to the ordinary purchaser who does not have the plaintiff's knife and the defendants' model side by side for comparison.

The plaintiff has asked the court to enlarge the scope of the preliminary injunction to forbid the sale of what it refers to as imitative clippers in combination with the sale of the defendants' knives. While the plaintiff's motion with respect to the sale of clippers is denied, it should, of course, be apparent that the terms of the injunction forbidding the sale by the defendants of an imitative knife, as and for the plaintiff's knife, includes the sale of such a knife in combination with clippers or anything else.

The defendants' motion for modification of the preliminary injunction is denied.